**Mary B. CHYNOWETH,
Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, in his capacity as Secretary of the Department of Health and Human Services, Defendant–Appellee.**

**No. 89–4063.**

United States Court of Appeals,
Tenth Circuit.

Nov. 28, 1990.

Michael E. Bulson of Utah Legal Services, Ogden, Utah, for plaintiff-appellant.

Carol S. Prescott, Office of the Gen. Counsel, Dept. of Health and Human Services, Denver, Colo. (Richard D. Parry, Asst. U.S. Atty., Dee V. Benson, U.S. Atty., Salt Lake City, Utah, Ronald S. Luedemann, Chief Counsel, Region VIII, Thomas A. Nelson, Jr., Deputy Chief Counsel, Region VIII and Deana R. Ertl–Brackett, Asst. Regional Counsel, Dept. of Health and Human Services, Denver, Colo., on the brief) for defendant-appellee.

Before BALDOCK, BARRETT and EBEL, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-appellant Mary Chynoweth appeals from a district court ruling denying her request to exceed the $75 per hour cap on attorney's fees awarded to her pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff argues that her attorney's expertise in Social Security disability law constituted a "special factor" under U.S.C. § 2412(d)(2)(A)(ii) warranting an departure from the statutory rate. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

## I.

Plaintiff is a 56–year–old widow with a history of health ailments. In 1984, she filed a claim with the Social Security Administration for Disabled Widow's Insurance benefits. Plaintiff's application was denied following an administrative hearing and the denial was affirmed on appeal. Plaintiff then sought judicial review. The district court adopted the recommendation of the magistrate that the Secretary's determination of benefits failed to consider plaintiff's impairments in combination. On remand, the ALJ applied the standard enunciated by the district court and found plaintiff entitled to benefits.

Plaintiff petitioned the district court for attorney's fees of $130 per hour pursuant to the Equal Access to Justice Act. Plaintiff's counsel indicated that he was a spe-

cialist in Social Security benefits law and had litigated many cases in federal court involving disability benefits. Plaintiff produced affidavits from several attorneys attesting that there were few lawyers in plaintiff's vicinity willing to handle Social Security disability cases and that $130 per hour was a reasonable fee for such services.

The district court found that the Secretary's denial of plaintiff's disability benefits was not substantially justified and consequently held that plaintiff was entitled to attorney's fees under EAJA. Exercising its discretion, the court increased the EAJA hourly rate of $75 to $96.75 to allow for cost-of-living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). However, the district concluded that, based on *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), counsel's expertise in Social Security benefits law did not constitute a "special factor" under 28 U.S.C. § 2412(d)(2)(A)(ii) justifying an additional increase in the $75 rate.

## II.

The Secretary does not controvert the district court's finding that plaintiff was entitled to attorney's fees under EAJA, nor does he contest the court's cost-of-living adjustment.[1] The only question on appeal, therefore, is whether Social Security benefits law constitutes a *specialized practice* requiring enhancement of the $75 EAJA rate. We hold that it is not.

EAJA awards attorney's fees to the prevailing party in an action brought by or against the United States unless the court finds that the position of the United States is substantially justified or special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA mandates that attorney's fees awarded "be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an

---

**1.** The Secretary's appeal of the district court's order awarding attorney's fees was dismissed pursuant to Fed.R.App.P. 42(b). *Chynoweth v.* *Bowen*, No. 89–4054, unpub. order (10th Cir. Jul 14, 1989).

increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The "special factor" exception

> refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice speciality such as patent law, or knowledge of foreign law or language.

*Pierce,* 487 U.S. at 572, 108 S.Ct. at 2554. A district court's decision on whether to exceed the $75 rate is reviewed for abuse of discretion. *Id.* at 571, 108 S.Ct. at 2553.

 Plaintiff argues that Social Security benefits law comprises a specialized practice area warranting payment in excess of the $75 rate. We disagree. "Incomparable expertise, standing alone, will not justify the higher rate." *Vibra–Tech Eng'rs v. United States,* 787 F.2d 1416, 1420 (10th Cir.1986). Rather, the statutory cap may be exceeded only in the "unusual situation" where the legal services rendered require specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles. *See id.* The law contains a myriad of practice areas; no attorney can be expected to master all areas at once. Yet merely because some scholarly effort and professional experience is required to attain proficiency in a particular practice area does not automatically require enhancement of the EAJA rate. Although Social Security benefits law involves a complex statutory and regulatory framework, the field is not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice.

In arguing that Social Security benefits law comprises a specialized practice area subject to enhancement of the EAJA rate, plaintiff places primary reliance upon *Pirus v. Bowen,* 869 F.2d 536 (9th Cir.1989). In *Pirus,* the district court found that plaintiff's class action against the Secretary was "no routine disability case" and that no attorney in the Los Angeles area capable of handling the case would take it for $75 per hour. *Id.* at 542. Because the Ninth Circuit could not say that the district court's findings were clearly erroneous, it held that the court had not abused its discretion by awarding fees in excess of the statutory cap. *Id.* In contrast, the district court in the instant case made no findings that plaintiff's action was a particularly difficult disability case or that she would be unable to obtain competent representation at $96.75 per hour. Moreover, although the Fourth Circuit in *Hyatt v. Heckler,* 807 F.2d 376, 383 (4th Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987), enhanced an attorney's rate of pay $12 from the statutory rate on account of his expertise in Social Security disability law, the case was decided before the Supreme Court enunciated the standard for upward departures in *Pierce,* 487 U.S. at 572, 108 S.Ct. at 2553. We therefore find *Pirus* and *Hyatt* distinguishable.

We cannot say that the law of Social Security benefits falls sufficiently outside the mainstream of general legal practice to be automatically entitled to enhancement under 28 U.S.C. § 2412(d)(2)(A)(ii). The district court determined that the overall award was reasonable for the work performed and its underlying findings concerning the factors which comprise the fee award are adequately supported in the record. Accordingly, the court did not abuse its discretion in declining to exceed the statutory rate. *See Headlee v. Bowen,* 869 F.2d 548, 552 (10th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989).

AFFIRMED.