12 F.3d 97
 43 Soc.Sec.Rep.Ser. 130, Unempl.Ins.Rep. CCH (P) 17577A
Maurice CURTIS, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of the United
States Department of Health and Human Services,
Defendant-Appellee.
 No. 92-3237.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 22, 1993.
Decided Dec. 15, 1993.
 
 1
 Frederick J. Daley (argued), Marcie E. Goldbloom, Chicago, IL, for plaintiff-appellant.
 
 
 2
 Gary A. Sultz (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Linda A. Wawzenski, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, IL, for defendant-appellee.
 
 
 3
 Before COFFEY and EASTERBROOK, Circuit Judges, and FOREMAN, Senior District Judge.**
 
 
 4
 FOREMAN, Senior District Judge.
 
 
 5
 This case concerns appellant Maurice Curtis's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1). At issue is whether he is entitled to attorney fees for counsel's work in proceedings before the Social Security Administration that followed a remand from the district court pursuant to the fourth sentence of the judicial review provisions in 42 U.S.C. Sec. 405(g). The district court held that the EAJA does not provide for payment of attorney fees for post-remand administrative proceedings in a sentence-four case. We affirm.
 
 BACKGROUND
 
 6
 Curtis applied for Supplemental Security Income benefits on January 18, 1989. The Social Security Administration denied his application at each stage of the administrative process, finding that he was not disabled within the meaning of the Social Security Act because he was performing substantial gainful activity at the time that he claimed disability. In the alternative, the administrative law judge concluded that the claimant was not disabled because he could return to his past relevant work.
 
 
 7
 Curtis filed an action in the district court in October 1990 seeking judicial review pursuant to 42 U.S.C. Sec. 405(g). The district court found that the ALJ's finding of substantial gainful activity was not supported by substantial evidence in the record. The court also questioned the ALJ's alternative finding regarding Curtis's ability to return to his past relevant work. The court indicated that it was unable to determine whether Curtis's drug abuse had been taken into consideration in the ALJ's finding. The court, therefore, remanded the case with directions for the ALJ "to determine whether Curtis' drug abuse is controllable and to develop a fuller record as to Curtis' work capabilities." On remand, Curtis's claim was ultimately approved.
 
 
 8
 Curtis filed an application for attorney fees under the EAJA on August 1, 1991, which was within three months after his case was remanded to the Secretary but before the administrative proceedings were completed. The district court ruled that the EAJA request was premature because, under the controlling law at that time,[1] the claimant's status as a prevailing party could not be determined until after the post-remand proceedings were complete. Curtis, therefore, renewed the request on June 5, 1992, after the Secretary ultimately approved his claim. The district court ruled that Curtis was entitled to EAJA fees for counsel's work before the court in the proceedings for judicial review, but denied the request for fees for counsel's work in the post-remand administrative proceedings on remand. Curtis filed a timely appeal of the district court's decision.
 
 DISCUSSION
 
 9
 Determinations of attorney fee awards under the EAJA are reviewed under an abuse of discretion standard. Pierce v. Underwood, 487 U.S. 552, 563, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988); Shepard v. Sullivan, 898 F.2d 1267, 1271 (7th Cir.1992). But questions of law, such as the proper interpretation of the EAJA, are reviewed de novo. See Sample v. Shalala, 999 F.2d 1138, 1144 (7th Cir.1993).
 
 
 10
 The EAJA provides, in pertinent part, that:
 
 
 11
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 12
 28 U.S.C. Sec. 2412(d)(1)(A). Curtis contends that he is entitled to attorney fees for work performed in the post-remand proceedings because such proceedings are part of the "civil action" before the district court.
 
 
 13
 Curtis's position finds some initial support in the Supreme Court's decision in Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), which allowed a claimant to recover attorney fees incurred during administrative proceedings conducted pursuant to a district court's remand order. Specifically, the Court stated that:
 
 
 14
 where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA.
 
 
 15
 Id. at 892, 109 S.Ct. at 2258.
 
 
 16
 For all practical purposes, Hudson is indistinguishable from the case at bar. However, in light of several more recent Supreme Court decisions that have clarified a district court's authority to order remands pursuant to 42 U.S.C. Sec. 405(g), Hudson is no longer good law for the type of remand ordered in Curtis's case.
 
 
 17
 Beginning with Sullivan v. Finkelstein, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), which was decided one year after Hudson, the Supreme Court made it clear that Sec. 405(g) allows a district court to remand cases in only one of two situations: (1) under sentence four of Sec. 405(g), which provides that a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision;[2] or (2) under sentence six of Sec. 405(g), which provides that a district court may remand in light of new evidence that had not been presented during the original administrative proceeding.[3] See Shalala v. Schaefer, --- U.S. ----, ----, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993); Melkonyan v. Sullivan, --- U.S. ----, ----, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991). In the sentence-six situation, the district court can remand the case without making any substantive ruling as to the correctness of the Secretary's decision but the claimant must show good cause for failing to present the evidence earlier.
 
 
 18
 The Supreme Court has also made it clear that a remand ordered pursuant to sentence four terminates the case. Finkelstein, 496 U.S. at 624-25, 110 S.Ct. at 2663-64. (stating that under Sec. 405(g), "each final decision of the Secretary [is] reviewable by a separate piece of litigation," and a sentence-four remand order "terminate[s] the civil action challenging the Secretary's final determination that [the claimant] was not entitled to benefits...."). In short, "the fourth sentence [of Sec. 405(g) ] directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order." Id. at 629, 110 S.Ct. at 2666.
 
 
 19
 Sentence-six cases do not contemplate entry of a final judgment until after the post-remand proceedings are completed and the Secretary returns to court with a new decision based upon the additional facts. See Melkonyan, --- U.S. at ----, 111 S.Ct. at 2165. The district court necessarily retains jurisdiction of the case while the post-remand administrative proceedings are pending. Therefore, the post-remand proceedings may still be considered part and parcel of the "civil action" before the court. See Schaefer, --- U.S. at ---- n. 4, 113 S.Ct. at 2631 n. 4 (stating that "Hudson remains good law as applied to remands ordered pursuant to sentence six."). In sentence-four cases, by contrast, the district court does not retain jurisdiction over the case. Instead, the court's remand order terminates the case, which means that the proceedings on remand cannot be considered as part of the "civil action" in the district court.
 
 
 20
 Curtis concedes that the remand in his case was not ordered pursuant to sentence six of Sec. 405(g). However, he argues that it is not a pure sentence-four remand either. He contends that the district court failed to enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure[4] and, therefore, this case is a "hybrid" just like Hudson. See Schaefer, --- U.S. at ----, 113 S.Ct. at 2630 ("What we adjudicated in Hudson ... was a hybrid: a sentence-four remand that the District Court had improperly (but without objection) treated like a sentence-six remand."). He argues that under Hudson, post-remand proceedings in such hybrid actions are considered a part of the district court's "civil action."
 
 
 21
 This argument is unpersuasive. The Supreme Court has stated that when a district court enters a sentence-four remand order, that order itself is a final judgment--"it just fail[s] to comply with the formalities of Rule 58 in doing so [without entry of a separate document as required by Rule 58]." Schaefer, --- U.S. at ---- n. 6, 113 S.Ct. at 2632 n. 6. The failure to comply with Rule 58 is error. Id. However, that error does not change the fact that the court's order is entered pursuant to sentence four rather than sentence six. As stated above, a sentence-four remand terminates the district court case. Therefore, the administrative proceedings cannot be considered a part and parcel of the "civil action" before the court--regardless of whether the court complied with the formalities of Rule 58.
 
 
 22
 Based upon this analysis, Hudson 's ruling allowing the recovery of attorney fees in post-remand proceedings obviously is no longer good law in sentence-four cases. See Schaefer, --- U.S. at ---- - ---- & n. 4, 113 S.Ct. at 2630-31 & n. 4. The ruling retains its vitality with respect to remands in sentence-six cases. Id. --- U.S. at ---- n. 4, 113 S.Ct. at 2631 n. 4. But Hudson's analysis with respect to sentence-four remands is irreconcilable with the current understanding of section 405(g) remands. The distinction between sentence-four and sentence-six remands "was neither properly presented or considered in Hudson...." Id. Therefore, because Finkelstein and its progeny have since clarified the rigid distinction between these two types of remands, Hudson 's ruling cannot control post-Finkelstein cases. See id.[5]
 
 CONCLUSION
 
 23
 Remands ordered in Social Security cases pursuant to sentence four of 42 U.S.C. Sec. 405(g) are final judgments that terminate the judicial review proceedings before the district court. Accordingly, the district court correctly held that the post-remand administrative proceedings cannot be considered to be part of the "civil action" before the court for purposes of the EAJA. Therefore, the district court's judgment denying the claimant's request for attorney fees for work in post-remand administrative proceedings that followed a sentence-four remand is hereby
 
 
 24
 AFFIRMED.
 
 
 
 *
 Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Donna E. Shalala has been substituted for her predecessor, Louis W. Sullivan, as Secretary of the Department of Health and Human Services
 
 
 **
 Hon. James L. Foreman, of the Southern District of Illinois, is sitting by designation
 
 
 [1]
 Prior to the Supreme Court's latest pronouncement in Shalala v. Schaefer, --- U.S. ----, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the Seventh Circuit had held that a claimant does not achieve prevailing party status unless benefits are awarded upon remand; the remand in itself did not confer such status. Shepard v. Sullivan, 898 F.2d 1267, 1271 (7th Cir.1990); see also Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) (suggesting, in dictum, that "a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings."). The Supreme Court has rejected this analysis by stating in Schaefer that a sentence-four remand "terminates the litigation with victory for the plaintiff." --- U.S. at ----, 113 S.Ct. at 2631. The Court stated that prevailing party status is achieved "[i]f the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.... Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description." Id. --- U.S. at ----, 113 S.Ct. at 2632
 
 
 [2]
 Sentence four provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing
 
 
 [3]
 Sentence six also provides for remands at the request of the Secretary. The full sentence states:
 The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.
 
 
 [4]
 Rule 58 provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58
 
 
 [5]
 Justice Stevens's concurring opinion in Schaefer argues that allowing a litigant to recoup post-remand expenses in a sentence-six case but not in a sentence-four case is contrary to the basic purpose of the EAJA. --- U.S. at ---- - ----, 113 S.Ct. at 2633-36. As he points out, a sentence-six remand occurs when the claimant seeks to present new evidence. Id. --- U.S. at ----, 113 S.Ct. at 2636. Thus, the added expenses incurred by the claimant in the post-remand proceedings cannot be attributed to any wrongful or unjustified decision by the Secretary. Id. In contrast, a remand in a sentence-four proceeding "necessarily means that the Secretary has committed legal error. The claimant is sent back to the administrative proceedings, with all the expenses incurred therein, precisely because of decisions made by the Secretary." Id. (emphasis in original). Therefore, Justice Stevens argues that the purposes of the EAJA are best served by allowing the recovery of EAJA fees in sentence-four proceedings
 There is considerable merit to this argument. However, the majority opinion in Schaefer concludes that the text and the structure of the relevant statutes require this result. Id. --- U.S. at ---- n. 4, 113 S.Ct. at 2631 n. 4. The courts are bound to follow the statutory mandate. Therefore, if any change is to be made, it is up to Congress alone to do so.