103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Duane L. KLEIN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-1823.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1996.
Decided Nov. 22, 1996.
 
 Before BAUER, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In November 1990, Duane L. Klein applied for Disability Insurance Benefits available under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, claiming that he was disabled as a result of problems with his hands, a bad left foot, and a sore left testicle. After his application was denied both initially and upon request for reconsideration, Klein requested and received a hearing before an administrative law judge (ALJ). After a hearing, the ALJ found that Klein was not disabled for purposes of the Act. Despite the impairment due to bilateral foot pain that limited him to less than the full range of work and prevented him from performing his past jobs as a boiler mechanic, maintenance mechanic, and maintenance electrician, the ALJ found that he could nevertheless perform a significant number of jobs in the national economy. The Appeals Council upheld this decision, adding a few comments of its own in its order.
 
 
 2
 Klein then sought judicial review of the agency's final decision, under 42 U.S.C. § 405(g). In June 1995, Magistrate Judge Goodstein, hearing the case by written consent of the parties under 28 U.S.C. § 636(c), granted Klein's motion for summary judgment and reversed and remanded for further proceedings. The Commissioner took no appeal from that judgment. In light of the remand, Klein applied on September 22, 1995, for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner argued that fees were inappropriate because the agency's position had been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). The district court agreed and denied the application for fees; this appeal followed.
 
 
 3
 The June 1995 remand of the underlying disability benefits case was a "sentence four" remand rather than a "sentence six" remand, because the district court entered a judgment reversing the decision of the Commissioner of Social Security remanding the case for a rehearing, and the Commissioner herself had not requested a remand before answering the complaint nor was new evidence being offered. See 42 U.S.C. § 405(g), fourth sentence; Shalala v. Schaefer, 509 U.S. 292, 296-97 & n. 2 (1993). The district court therefore had jurisdiction to entertain the EAJA fee application at the time it did. On the merits, both parties agree that the case turns on whether the district court correctly decided that the position of the United States was substantially justified. We review that determination for abuse of discretion only. See Pierce v. Underwood, 487 U.S. 552, 557-63 (1988). In the EAJA context, that requires us to determine whether the agency had a rational ground for taking the action it did: namely, maintaining that its initial decision was supported by substantial evidence. See Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir.1994); Raines v. Shalala, 44 F.3d 1355, 1360 (7th Cir.1995) (collecting cases using abuse of discretion standard).
 
 
 4
 In its remand order, the district court found that the record did not contain substantial evidence to support the ALJ's finding that there are a significant number of jobs in the economy that Klein could perform. The court therefore ordered the Commissioner to obtain vocational expert testimony about Klein's transferable skills, the occupations to which those skills could be applied, and (importantly for the case now) the number of jobs in the economy that Klein could perform. In the EAJA order, although the court recognized the need for the remand on these grounds, it found that the Commissioner had been substantially justified in proceeding without that evidence, since the ALJ had attempted to handle the case without expert testimony and had proceeded on generalized descriptions of Klein's skills. This, the court believed, was all that the EAJA requires for the Commissioner to prevail.
 
 
 5
 Before this court, Klein argues that the total absence from the record before the ALJ in the disability determination of any documentation about the number of jobs to which his skills were transferable makes this a case where the Commissioner's position was not substantially justified. He relies on Social Security Ruling (SSR) 82-41 (Cum.Ed.1982), which requires the ALJ first to find whether a claimant has transferable skills, next to identify those skills and the occupations to which they are transferable, and finally to include evidence that those specific skilled or semiskilled jobs exist in significant numbers in the national economy. Evidence may come either from vocational specialists or from certain publications listed in the regulations. Although Klein concedes for the sake of argument that the ALJ's finding about his skills met the "substantially justified" threshold, and that the ALJ, by relying on the Dictionary of Occupational Titles (DOT), did enough for these purposes to identify the occupations to which his skills might be transferable, he asserts that there was a total lack of evidence on the number of these jobs. The Commissioner replies with the argument that the ALJ's finding that there were a substantial number of occupations for which Klein had transferable skills amounted to an implicit finding that there were also a substantial number of jobs available to him. Before this court, the Commissioner suggested that "[t]he types of jobs listed by the ALJ, e.g., boiler room helper and electrical appliance repairer, are at least arguably obviously found in significant numbers in the urban environment surrounding Milwaukee."
 
 
 6
 If the only question before us had been whether the ALJ could draw an inference from the number of occupational titles in the DOT to the likely number of corresponding jobs in the Milwaukee area, and Klein's skills were clearly established, it is possible that the conclusion of ample jobs for Klein might have been substantially justified for EAJA purposes. However, the final step of consulting the DOT was based on the inadequately supported conclusions about the manner and extent to which Klein's skills were transferable. The ALJ found that Klein, who is now more than 60 years old, was of "advanced age" and that Klein's knowledge of electronics was obsolete. On the other hand, the ALJ noted without explanation that Klein's knowledge of "electrical, mechanical, and thermal principles is reasonably current" and that Klein himself had performed a variety of jobs over the course of his working life (though few in the light exertional category that the ALJ found applied to him). We simply cannot tell which of these job titles might have translated into enough jobs for which Klein had appropriate skills.
 
 
 7
 We conclude that the agency was not substantially justified in its view that this record adequately documented the number of jobs that Klein might be able to perform. The Supreme Court noted in Pierce that a position can be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 487 U.S. at 566 n. 2. Here, what is missing is the reasonable basis in fact, because we have a record that is totally devoid of evidence about the actual number of jobs in the Milwaukee area Klein could perform. This factual omission distinguishes Klein's case from Jackson v. Chater, 94 F.3d 274, 276 (7th Cir.1996), in which evidence from the DOT was supplemented by an expert witness who opined (relying on the Employment Statistics Quarterly ) that approximately 2,600 jobs were available in the Chicago area that would be suitable for the claimant there. See also Luna v. Shalala, 22 F.3d 687, 691 (7th Cir.1994) (holding that the ALJ must consult a vocational expert where a non-exertional limitation might substantially reduce a range of work an individual can perform). Here, not only was there no expert testimony about numbers of jobs, but the ALJ did not consult any of the reference sources that might have yielded information on this point. For example, the Employment Statistics Quarterly lists jobs by Census Code, current number employed. Census Title, and DOT Titles. There is no correlation between the number of DOT titles in each job category with the number of jobs that exist.
 
 
 8
 For the reasons stated, we REVERSE the decision of the district court denying Klein's application for fees under the EAJA and REMAND for further proceedings consistent with this order.