**John A. KOLMAN, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–C–1557.**

United States District Court, E.D. Wisconsin.

Jan. 9, 1992.

Frederick J. Daley, Chicago, Ill., for plaintiff.

Stephen Liccione, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

ORDER

TERENCE T. EVANS, Chief Judge.

This is an action for review of a decision of the Secretary of Health and Human Services denying John A. Kolman's claim for Supplementary Security Income benefits. The case has been remanded to the Secretary for further proceedings. For reasons involving his hope to obtain fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, Mr. Kolman has filed a motion for an order that this court retain jurisdiction over his case until the administrative proceedings are completed.

When judgment was first entered in Mr. Kolman's case, on October 24, 1983, he was proceeding *pro se*. The case was remanded to the Secretary for rehearing at which time the record was to be developed more fully. Benefits were denied at the administrative level. This time Mr. Kolman also lost in the district court. Judgment for the Secretary was entered on March 22, 1989.

Mr. Kolman again appealed and during the appeal process attorney Frederick J. Daley became Mr. Kolman's attorney. On February 15, 1991, 925 F.2d 212, the court of appeals vacated the district court judgment with directions to remand the case to the Secretary. A certified copy of that order and the record on appeal were filed in this court on March 13, 1991, and on March 14 I entered an order remanding the case to the Social Security Administration.

The request currently pending to retain jurisdiction was filed on September 25, 1991, as a result of what seems to be a dramatic change in the law set out in *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Under the Equal Access to Justice Act, attorney fees may be recovered against the government by a "prevailing party" if the position of the government in the litigation was not "substantially justified." 28

U.S.C. § 2412. The EAJA provides that requests for fees must be filed within 30 days of final judgment in the action. The statute defines final judgment as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). What that means is that a fee request must be filed 30 days after the time for appeal has run.

In *Singleton v. Bowen*, 841 F.2d 710 (7th Cir.1988), the court considered the time limit as it related to the meaning of "prevailing party" when the judgment entered is a remand to the agency. Singleton had submitted a fee request within 30 days of the entry of judgment remanding the case. The court dismissed it as premature. He was not yet a prevailing party; he had to await the results of the remand.

The Supreme Court seemed to sanction this approach. In *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989), the Court stated:

> Thus, for purposes of the EAJA, the Social Security claimant's status as a prevailing party and the final judgment in her "civil action ... for review of agency action" are often completely dependent on the successful completion of the remand proceedings before the Secretary. Moreover, the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary.

This was the state of the law at the time the Court of Appeals for the Seventh Circuit entered its judgment in this case on February 15, 1991, and when I entered an order remanding the case to the agency on March 14, 1991. Understandably thinking that he should follow the law announced in these cases, Mr. Daley, the attorney for Mr. Kolman, did not submit a request for fees at that time.

Imagine counsel's surprise when *Melkonyan v. Sullivan* came down on June 10, 1991. Under the reasoning of that case, a question arose as to whether the time in which fees could be sought had already passed.

To understand *Melkonyan*, one must start with *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). In *Sullivan*, the Court explained the difference between what the court labeled "sentence four" and "sentence six" remands. The issue in the case was whether the remand order entered was immediately appealable. Sentence four provides that the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Sentence six provides that the court may "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Court concluded that sentence four remands were immediately appealable, but sentence six remands were not.

The next step was *Melkonyan*, which considered the impact of remand judgments on the time for filing EAJA requests. In that case the Court concluded that in section 405(g) actions, remand orders can only be issued pursuant to sentence four or sentence six, rejecting any inherent power of the courts to remand a case to the Social Security Administration. Then the Court went on to state:

> In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable.... In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

111 S.Ct. at 2165.

If this case is, as the government argues, a sentence four remand, under *Melkonyan*, the time for requesting fees pursuant to

the EAJA has passed; in fact, it had passed before *Melkonyan* was decided. Mr. Kolman argues that it was a sentence six remand, or if it was a sentence four remand, that I should retain jurisdiction over the case until it becomes clear whether he will be a prevailing party.

In remanding the case, the court of appeals did not explicitly state which sentence governed the remand order. The court did, however, indicate that further evidence was needed. The court could not determine whether the findings of the agency meant

> Whether this means that counterparts to Kolman's CETA job existed in the economy—existed, that is, as real rather than merely as makework jobs—and whether (the same point stated differently) Kolman's genuinely relevant past work, that is, his non-CETA security guard positions, required no intervention and hence were within his psychological ability are questions too dimly illuminated by the record to allow the denial of benefits to stand.

925 F.2d at 214. The case was "remanded to the Social Security Administration for further proceedings consistent with this opinion." At 214. While the order is not explicit as to the type of remand, it does ask for more vocational evidence. It is similar to the order in *Damato v. Sullivan*, 945 F.2d 982 (7th Cir.1991), which was found to be a sentence six remand. In that case, the court stated:

> It is clear from the face of the district court's judgment, however, that the court did not remand under sentence four of Section 405(g): "The Court hereby adopts the magistrate's recommendation and remands this action to the Secretary for further proceedings in accordance with the report and recommendation." Since the judgment neither affirmed, modified, nor reversed the decision of the ALJ, it was not a remand under sentence four of Section 405(g) and cannot constitute a "final judgment" pursuant to 28 U.S.C. § 2412(d)(2)(G).

Construing the order of the court of appeals in Mr. Kolman's case as a sentence six remand, I find that there has been no final judgment. When there is, and if he prevails, Mr. Kolman can return to court and file a timely request for EAJA fees.

IT IS THEREFORE ORDERED that the motion to retain jurisdiction is GRANTED.