John A. KOLMAN, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.

No. 93–4046.

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1994.

Decided Nov. 4, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 7, 1994.

jecting Eighth Amendment challenge to the same penalty provisions).

Thomas E. Bush, Milwaukee, WI, Frederick J. Daley, Chicago, IL, for plaintiff-appellant.

Charles Guadagnino, Office of U.S. Atty., Milwaukee, WI, Michael C. Messer, Eric Schnaufer, Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

John Kolman sought social security disability benefits. They were denied on the ground that he was capable of doing his former work. The district court upheld this determination, but we reversed, *Kolman v. Sullivan*, 925 F.2d 212 (7th Cir.1991), because the former work was a makework training job and we didn't think that such a job counted as substantial gainful employment. On remand, the Social Security Administration finally—after twelve years—awarded Kolman disability benefits. He applied to the district court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The district court denied the application on the ground that the position that the Administration had taken in court, although ultimately rejected, had had a substantial justification.

■ The Administration argues that we cannot reach the merits of Kolman's appeal because his application for fees was untimely, having been filed more than thirty days after our judgment setting aside the district court's order affirming the denial of benefits. Kolman waited to make the application until he got his benefits. This would unquestionably have been the right course were the basis for an award of attorney's fees under the Equal Access to Justice Act success in obtaining relief from an administrative agency, but it is not. It is success in court. *Melkonyan v. Sullivan*, 501 U.S. 89, 97, 111 S.Ct. 2157, 2162–63, 115 L.Ed.2d 78 (1991). Had our judgment remanding the case to the Social Security Administration turned out to be the final judgment in the judicial proceedings in the matter, the 30–day clock would have started to run when that judgment became final upon the expiration of the time for seeking review of the judgment in the Supreme Court. *Shalala v. Schaefer*, —— U.S. ——, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *O'Connor v. Shalala*, 23 F.3d 1232, 1234 (7th Cir.1994). After such a remand, had benefits again been denied and Kolman had again successfully challenged the denial in court, he would have been entitled to seek an additional award of fees but

not to go back and get fees for his exertions leading up to the remand.

■ Kolman argues that, even if all this is correct, which he contests but of which we have no doubt, the final judgment was not entered on a separate document as Rule 58 of the Federal Rules of Civil Procedure requires and the 30–day clock would not begin to run until that was done and the time for appeal had lapsed. He is right that a party can always wait until compliance with Rule 58 before appealing, even though if the final judgment had been rendered previously without compliance with the rule he could also have appealed then. *Otis v. City of Chicago,* 29 F.3d 1159, 1162–66 (7th Cir.1994) (en banc). The *Schaefer* decision emphasized this point with specific reference to an application for an award of attorney's fees under the Equal Access to Justice Act by a recipient of social security disability benefits. —— U.S. at ——, 113 S.Ct. at 2632.

■ But there is a wrinkle in this case. Rule 58 applies only to judgments in the district court. Had our judgment been the final judgment in the judicial phase of Kolman's quest for benefits, there would have been no possibility of a Rule 58 order, and the 30–day clock for seeking an award under the Equal Access to Justice Act would have begun to run when our judgment became final by lapse of the time for seeking certiorari. We cannot find a case so holding; presumably it would be a case in which the court of appeals had original jurisdiction to review an administrative agency's decision, rather than merely jurisdiction to review the district court's review of that decision. But we do not think the issue a doubtful one. Nor is there any question that if instead of reversing a judgment by the district court against Kolman and remanding the case, our judgment had affirmed a judgment by the district court in his favor, the thirty days for filing an application for attorney's fees under the Equal Access to Justice Act would have run from the date of our judgment. For then our judgment would have been the final judgment to which the Act refers, *Myers v. Sullivan,* 916 F.2d 659, 671 (11th Cir.1990); *Russell v. National Mediation Board,* 764 F.2d 341, 348–49 (5th Cir.1985); see also *McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983), because it would have terminated the judicial phase of the proceeding.

■ But in the actual case, our judgment was not final, as rather than winding up the case it remanded it to the district court with directions to remand the case to the Social Security Administration. The reason for this form of order is that the power to remand an order awarding or denying social security benefits is lodged in the district court rather than in this court. *O'Connor v. Shalala, supra,* 23 F.3d at 1234. We do not review orders of the Social Security Administration; we review orders of the district court reviewing orders of the Social Security Administration. The wisdom of inserting the district court as a reviewing court in between an administrative agency and the court of appeals can be and has been questioned, see, e.g., *id.;* Federal Courts Study Committee, *Report* 55–56 (April 2, 1990); David P. Currie & Frank I. Goodman, "Judicial Review of Federal Administrative Action: Quest for the Optimum Forum," 75 *Colum.L.Rev.* 1, 5–6 (1975), but it is a fact of life that we are not authorized to ignore by undertaking to issue our orders directly to the agency, even though that would make life simpler.

■ The form of the district court's remand now becomes critical. Had the district court embodied the order of remand in a Rule 58 judgment, that is, an order which stated that it was a final judgment and which was separate from the court's opinion (that is, from the statement of reasons for the judgment), *Otis v. City of Chicago, supra,* 29 F.3d at 1163, Kolman would be out of luck. The entry of such a judgment would have started the 30–day clock running. Kolman is in luck because the district judge did not enter a final judgment. In fact he purported to retain jurisdiction during the remand to the agency. 782 F.Supp. 423 (E.D.Wis.1992). Probably wrongly. Retention of jurisdiction is proper in social security disability cases only if newly discovered evidence is presented to the court, which then remands to get the agency's view concerning the significance of the evidence to the district court's review of the benefits decision but retains jurisdiction because its review is not complete. *Shalala v. Schaefer, supra,* —— U.S. at ——, 113

S.Ct. at 2629; *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). But even if the district judge should not have retained jurisdiction here—even if, as we doubt, the retention was void, of no consequence, as utterly beyond judicial power—this would not convert the order of remand into a Rule 58 judgment. A Rule 58 judgment is an order that *purports* to be a final judgment, entered on a separate document from the opinion explaining the court's action. The difference between the Rule 58 judgment and other final, appealable orders, decisions, or judgments is that the Rule 58 judgment is clearly, unequivocally, a final judgment, telling the parties that the time for appeal is definitively beginning to run. The order of remand entered by the district court in this case did not purport to be a final judgment and so did not constitute a Rule 58 judgment. The final judgment came later, when the judge denied the application for attorney's fees. Kolman filed a timely appeal from that denial. The district court had, and we thus have, jurisdiction.

 Turning to the merits, we can be extremely brief. The government's position respecting Mr. Kolman's claim, although we rejected it, had a "reasonable basis in law and fact," and it therefore was "substantially justified" within the meaning of the Equal Access to Justice Act. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Kolman fastens on our statement that the fact that he could perform a makework job did not provide "a rational ground" for denying benefits. 925 F.2d at 213. This was a reference to the test for invalidating agency action. The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action, and it did. It had the support, as we acknowledged, 925 F.2d at 214, of a decision by one of our sister circuits, *Quang Van Han v. Bowen,* 882 F.2d 1453, 1457–58 (9th Cir.1989), which we hesitate, not merely for the sake of comity, to pronounce irrational.

AFFIRMED.