**Rosie WILDER, Plaintiff**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. 94-C-666.

United States District Court,
N.D. Illinois,
Eastern Division.

April 4, 1996.

Barry Alan Schultz, Chicago, IL, for Plaintiff.

James M. Kuhn, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The Commissioner wants a change in the judgment granting EAJA fees. I previously allowed Rosie Wilder's fees because I found the government's position fell well below the threshold of substantial justification. In that opinion I stated:

> "the Court of Appeals has precisely characterized the ALJ's act as 'unreasonable' and the supporting evidence as 'unimpressive.' The Court of Appeals did not use the more neutral formulation that the denial of benefits 'was not supported by substantial evidence.' If the Court of Appeals had said merely that the government's position was 'unreasonable,' perhaps I could read the word as the equivalent of 'wrongly decided' (but perhaps substantially justified). The rest of Chief Judge Posner's opinion, its words, and the tone conveyed by those words, convinces me that the Court of Appeals found the government's position to fall well below the threshold of substantial justification."

The Commissioner took exception to this decision.

■ A Social Security claimant may make two arguments when denied benefits at an administrative hearing. The claimant may attack the ALJ's ruling on the merits, arguing there was no substantial evidence to support the denial of benefits and thus seek an outright reversal. The claimant may (as claimants often do) also attack the process involved at the administrative hearing and seek a remand for a new hearing. If successful, the claimant will ask for fees under EAJA. 28 U.S.C. § 2412(d)(1)(A). EAJA fees may only be awarded if the government's litigating position is not substantially justified. *Pierce v. Underwood,* 487 U.S. 552, 564, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988). Substantial justification means "justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. at 2550. The Seventh Circuit has stated the test as "whether the agency had a rational ground for thinking it had a rational ground for its action. *Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir.1994). In a case where result and process are attacked, the government may have to establish two things, that it was substantially justified in its litigating position both on the merits of the case and on the process of the administrative hearing.

More likely the Commissioner will have to defend only one of its litigating positions, the one on which it lost. Only rarely will a court decide *both* that the merits decision was wrong and the process of reaching it was fatally flawed. If the merits are wrong there is no need to address the process. The process claim will ordinarily be decided only when a court regards the merits as iffy. Of course there is nothing to stop a court from deciding that the Commissioner loses on the merits and conducted an inexcusably bad hearing to boot. There may be good reason to address both claims, that is, to prevent a reoccurrence of the challenged method of hearing.

■ Wilder attacked the ALJ's ruling on the merits, claiming there was substantial evidence to grant her social security benefits and sought an outright reversal of that decision. On appeal to the Seventh Circuit, Judge Posner did not decide whether or not

there was substantial evidence, but remanded the case to make that determination. Judge Posner, however, did find the ALJ unreasonable in denying benefits on the stated grounds and held Wilder "is entitled to a decision based on the record rather than on a hunch." *Wilder v. Chater,* 64 F.3d 335, 338 (7th Cir.1995). The Seventh Circuit's opinion essentially found the process at the administrative hearing to be flawed.

Following the Seventh Circuit's ruling, Wilder filed in this Court a motion for EAJA fees claiming the government's position on the merits was not substantially justified. In defending its litigating position that Wilder was not entitled to benefits, the government argued it was substantially justified. The government was right.

The Seventh Circuit opinion, and tone conveyed by Judge Posner's wording, cast clear doubt on the ALJ's decision making process. However, Judge Posner did not state that the government's argument against the claim itself was unreasonable. In fact, he referred to the government's theory that Wilder was fine in 1986 and quit her job only because it was a low-paying, low-prestige job and she had just won $2 million in the lottery as "commonsensical." *Id.* This finding that the theory presented by the government was "commonsensical" precludes a conclusion that its litigating position was not substantially justified.

What then of the argument that the process at the administrative hearing was flawed and thus the case should be remanded? Any government argument in opposing EAJA fees on this ground must surely fail. The Seventh Circuit clearly characterized the

ALJ's act as "unreasonable" and his supporting evidence as "unimpressive," thereby, casting severe doubt on the fairness of the process at the hearing. To say now that there is a substantially justified litigating position that the process was not flawed is an unavailing argument given the Seventh Circuit's strong language in its opinion.[1]

The only problem facing Wilder here is she did not ask to have her case remanded because the process below was flawed. Had she done so, and the government responded as I have anticipated, she would probably continue to have her EAJA fees today.[2]

This Court's opinion of February 28, 1996 is vacated. The EAJA fees are denied.

---

1. The Commissioner criticizes the Court of Appeals own process of decision making. The Court of Appeals did independent research and found studies which support the proposition that someone like Rosie Wilder can be mentally undone by an extraordinary event, even one normally considered quite good, such as winning the lottery. See, e.g., H. Roy Kaplan, "Lottery Winners: The Myth and Reality," 3 Journal of Gambling Behavior 168 (1987); H. Roy Kaplan, "Lottery Winners: How They Won and How Winning Changed Their Lives" 45–67 (1978); Philip Brinkman, "Lottery Winners and Accident Victims: Is Happiness Relative?" 36 J.Personality & Soc.Psych. 917 (1978). These studies were not cited to the Court of Appeals by Rosie Wilder. Needless to say they were not cited before any

lower tribunal either. But I do not accept the general validity of the criticism, a court ought to be able to look to reliable professional literature in cases like these.

2. The Commissioner might argue that it would never have to justify its litigation position on process claims in any case where it had a decent argument on the merits. A win for the Commissioner on the merits would wipe out a process claim (at least on harmless error grounds). If the Commissioner has an acceptable merits argument, it always has a litigating position that is substantially justified—the position being "you the claimant lose the case." I need not address this "greater always includes the lesser" argument in this case.