Maurice BIANCHI, fdba M. Bianchi of California, Plaintiff–Appellant,

v.

William J. PERRY, Secretary of Defense; United States Department of Defense; E.M. Straw, Vice Admiral, Director of the Defense Logistics Agency; The Defense Logistics Agency; Henry R. Glisson, Brigadier General, Commander of the Defense Personnel Support Center, a Division of the Defense Logistics Agency; The Defense Personnel Support Center, Defendants–Appellees.

No. 96–15869.

United States Court of Appeals, Ninth Circuit.

Sept. 2, 1998.

Before: PREGERSON, NOONAN, and KLEINFELD, Circuit Judges.

### ORDER

We publish to answer a question that has arisen regarding the deadline for filing motions for attorneys' fees under the Equal Access to Justice Act.

We filed our opinion in this case April 9, 1998. The clerk entered judgment that day pursuant to Federal Rule of Appellate Procedure 36. Bianchi prevailed. He attempted to file an application in our court for fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, on June 15. The Clerk declined to file the application, and stamped it "received," based on untimeliness. Bianchi has now moved for an order to require the clerk to accept the filing as timely. We conclude that he is correct, and order the clerk to accept the filing.

The reason the Clerk declined to accept the application was that it was presented for filing more than 14 days after the time to petition for rehearing had run. Circuit Rule 39–1.6 requires attorneys' fees application to be filed "within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed." This deadline is modified by the phrase "[a]bsent a statutory provision to the contrary."

Because an officer of the United States was a party, the deadline for filing a petition for rehearing was 45 days from April 9, under Federal Rule of Appellate Procedure 40(a). The petition for rehearing deadline was Monday, May 25, so the 14–day period for attorneys' fees applications, absent a statutory provision to the contrary, was Monday, June 8. Therefore, under the computation allowed by Circuit Rule 39–1.6, Bianchi's attempted June 15 filing was a week late.

But Circuit Rule 39.1–6 qualifies itself with the phrase "Absent a statutory provision to the contrary." The Equal Access to Justice Act has a different deadline for filing applications, "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Our judgment was entered April 9, but was it "final" in the sense of the statute? The Equal Access to Justice Act defines "final judgment" for purposes of the Act as "a judgment that is final and not appealable." These terms, "final," "judgment," and "not appealable," all have clearer meanings when applied to district courts than to courts of appeals.

While our April 9 judgment was not subject to appeal, it was subject to rehearing by the panel or by the court en banc, and was subject to certiorari by the Supreme Court. The mandate could not issue until after 7 days after expiration of the date for a petition for rehearing, under Federal Rule of Appellate Procedure 41(a), and did not issue until June 2.

We have said in dictum not referring to Equal Access to Justice Act applications that a federal appellate judgment is not final until the mandate is spread in district court, *Calderon v. United States District Court*, 128 F.3d 1283, 1286 n. 2 (9th Cir.1997). The Seventh Circuit has said in dictum that a judgment reversing becomes final for purposes of Equal Access to Justice Act fee applications when the time for petitioning for certiorari has run out. *Kolman v. Shalala*, 39 F.3d 173, 175 (7th Cir.1994). The Eleventh Circuit has reviewed the contentious history of this issue, involving a circuit split and a statutory amendment, and held that generally judgments do not become final and not subject to appeal for purposes of the Equal Access to Justice Act "[s]o long as the government possesses the right to appeal and has not given a clear, unequivocal indication that no appeal will be forthcoming." *Myers v. Sullivan*, 916 F.2d 659, 672 (11th Cir.1990). The Eleventh Circuit treats petitions for rehearing and certiorari as "discretionary appeals" subject to the same analysis, the purpose being to identify the date when the case is over and the outcome not open to attack. *Id.* at 668–71.

Our April 9 decision was open to attack by petition for rehearing until May 25, and to sua sponte rehearing until June 2, when we issued the mandate. The government could petition for certiorari "within ninety days after the entry of . . . judgment," 28 U.S.C. § 2101(c), but the mandate would have issued unless prior to June 2 the government had moved for a stay, pursuant to Federal Rule of Appellate Procedure 41(b). Thus as a practical matter, our decision in the case

became the final outcome June 2. We need not decide in this case whether a decision should be treated as "final and not appealable" for purposes of the Equal Access to Justice Act when the mandate issues or when the government's time to petition for certiorari expires, because Bianchi's fee application was timely either way. Running his 30 days from June 2, when the mandate issued, would yield a July 2 deadline, and he attempted to file his papers two weeks earlier than that, June 15.

Accordingly, IT IS ORDERED that the Clerk file Bianchi's application for attorneys' fees, received by the clerk June 15, as timely.