Viola MOORE, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 98 C 5448.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 30, 1999.

Marcie E. Goldbloom, Frederick J. Daley, Ltd., Chicago, IL, for plaintiff.

James J. Kubik, Assistant United States Attorney, Chicago, IL, Ekaterina Scherb, Assistant Regional Counsel, Social Security Administration, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

This Court previously reviewed, reversed and remanded the Social Security Administration's final decision denying Viola Moore's ("Plaintiff") application for Supplemental Security Income ("SSI"). The case is now before the Court on Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The principal issue presented is whether the Commissioner of Social Security ("Commissioner") was substantially justified in its legal and factual positions. Because the Court finds that the Commissioner's position was not substantially justified, the Plaintiff's application for attorney's fees is granted.

### I. BACKGROUND FACTS

Plaintiff applied for SSI in October 1994, claiming that she had been disabled since January 1, 1990. Her application was denied initially and on reconsideration. On November 6, 1996, Plaintiff appeared *pro se* for hearing before an Administrative Law Judge ("ALJ"). The ALJ suggested that Plaintiff obtain counsel and the hearing was continued. On February 14, 1997, Plaintiff appeared *pro se* before a second ALJ for a hearing, which went forward. On July 17, 1997, the second ALJ rendered a decision finding Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review. Plaintiff timely filed her complaint for judicial review.

In a memorandum opinion and order dated April 26, 1999, this Court held that the ALJ did not obtain a valid waiver of Plaintiff's right to representation, and the Commissioner did not meet his burden of showing that the ALJ adequately developed the hearing record. This Court reversed the ALJ's decision and remanded the case for a rehearing. The Commissioner did not appeal this decision.

Plaintiff has now submitted an EAJA fee application in the amount of $7,408.95. The Commissioner has challenged both Plaintiff's entitlement to fees and the amount of fees requested. Plaintiff has assigned her EAJA fees, if any, to her attorneys.

## II. STANDARD FOR FEE AWARDS UNDER EAJA

EAJA directs a court to award attorney fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) (1994). Plaintiff is a prevailing party by virtue of the remand. *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993). The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D) (1994). To meet its burden of proof the government must establish that its position had a reasonable basis in law and fact. *Cum-*

*mings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991).

■ The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean,* 496 U.S. 154, 161–162, 110 S.Ct. 2316, 2320–2321, 110 L.Ed.2d 134 (1990). "The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir.1994).

The Government's success on the merits is relevant to the "substantial justification" determination. In *Pierce,* the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce,* 487 U.S. at 568, 108 S.Ct. at 2551.

## III. THE COMMISSIONER HAS NOT MET ITS BURDEN OF PROOF THAT ITS POSITION WAS SUBSTANTIALLY JUSTIFIED

■ The Commissioner now argues that even though this Court found that the ALJ failed to fully develop the record, the Commissioner had a rational ground for its position. The Court disagrees. The ALJ clearly failed to develop the hearing record and this should have been obvious to the Commissioner, particularly when a *pro se* plaintiff was involved. For example, Dr. Hamb opined that Plaintiff was "disabled at this time and not able to work. Her condition includes severe recurrent palpitations and vertigo uncompletely respon-

sive to medication." (R. 255). Instead of contacting Dr. Hamb to obtain further information to determine the basis for this conclusion, the ALJ simply dismissed Dr. Hamb's letter. Similarly, the ALJ failed in inquire regarding Plaintiff's complaint of edema in her legs, vertigo or dizziness she experienced or the effects of diuretic medication. Even a cursory review of the record demonstrates that the ALJ failed to satisfy his duty to "scrupulously and conscientiously probe into, inquire of and explore for all of the relevant facts." *Smith v. Secretary of HEW,* 587 F.2d 857, 860 (7th Cir.1978).

The Commissioner had a number of opportunities to remand this case voluntarily but instead chose to litigate. The Commissioner acknowledged that the ALJ failed to obtain a valid waiver of Plaintiff's right to representation. In addition, the record was woefully inadequate. Despite this, neither the Appeals Council nor the Commissioner's trial attorneys chose to voluntarily remand the case. As a result, Plaintiff's counsel was required to litigate this case through summary judgment in order to accomplish the remand. The Commissioner was not substantially justified in forcing Plaintiff to pursue this lawsuit.

## IV. PLAINTIFF'S REQUESTED FEES ARE REASONABLE

■ The Commissioner does not object to the hourly fee requested, but objects to Plaintiff's request for nine hours spent on preparing a three-page reply brief, because it only took 17 hours for Plaintiff's counsel to write her 15–page main brief. This argument is frivolous. In order to prepare a reply brief, an attorney must review the cases and arguments cited in the response brief and decide what to include in a reply brief. A short and persuasive document often times takes more time to prepare than a long and rambling document. *See* e.g., President Abraham Lincoln's Gettysburg Address. Although

Plaintiff's reply brief is not in the category of the Gettysburg Address, this Court rejects the notion that counsel should be compensated on a per page basis. The Court has once again reviewed the reply brief and finds that the time spent was reasonable.

The Commissioner's final argument is that counsel billed in quarter hour increments and that such billing should not be allowed. A review of the fee petition demonstrates that Plaintiff's counsel did not bill solely in quarter hour increments. For example, there were entries of .30 hours, 1.85 hours, .90 hours and 7.90 hours. The Court finds that the entries and timekeeping method used by Plaintiff's counsel are reasonable.

More importantly, the Court finds that Plaintiff's total request in the amount of $7,408.95 for services rendered in filing this action, litigating summary judgment and obtaining a remand is reasonable.

## V. CONCLUSION

The Commissioner has not met his burden of demonstrating substantial justification in pursuing this litigation. Plaintiff's counsel has met the burden of demonstrating that its fee request is reasonable. As a result, Plaintiff's application for attorney's fees is granted. **The Clerk of the Court is directed to enter a judgment in favor of the law offices of Frederick J. Daley, as assignee of Plaintiff Viola Moore, and against Defendant, Kenneth S. Apfel, Commissioner of Social Security, in the amount of $7,408.95 for attorney's fees pursuant to the Equal Access to Justice Act.**

**SO ORDERED.**