Marsha K. BARTROM, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 01–2463.

United States Court of Appeals, Seventh Circuit.

*Submitted Jan. 15, 2002.

Decided April 8, 2002.

Before BAUER, COFFEY, and MANION, Circuit Judges.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

## ORDER

Plaintiff–Appellant Marsha K. Bartrom requests attorney's fees under the Equal Access to Justice Act, which provides that a litigant is entitled to fees if the Government defends the decision of an administrative agency that is not "substantially justified" under the law. 28 U.S.C. § 2412(d)(1)(A). The district court denied Bartrom's request, and she appeals. We affirm.

Prior to this instant appeal, Bartrom applied for Social Security and SSI benefits, stating that she is unable to work because she suffers from severe depression. An administrative law judge ("ALJ") denied Bartrom's applications, finding that Bartrom was able to perform low stress, sedentary work despite her physical and mental impairments. We reversed and remanded the case for further consideration, *Bartrom v. Apfel,* 234 F.3d 1272, 2000 WL 1412777 (7th Cir.2000) (table), holding that the ALJ failed to adequately address certain medical evidence and opinions proffered by Bartrom's treating psychiatrist, Dr. Domingo Y. Cruz–Diaz, who stated that Bartrom is totally disabled. *Id.* at *6–7. We recognized that the ALJ did discuss some of the evidence in the record that tended to undermine Dr. Cruz–Diaz's opinions. However, we remanded the case because we were uncertain how much weight the ALJ gave to this evidence and, therefore, we could not adequately determine why the judge believed that such evidence outweighed several of Dr. Cruz–Diaz's undisputed statements suggesting that Bartrom is totally disabled. *Id.* at *6.

Following our remand, Bartrom subsequently filed for attorney's fees, and the district court denied the motion. Bartrom now argues that "the district court abused its discretion in finding that the Government had a reasonable basis in fact and law to [reject] the opinion of Dr. Cruz-

Diaz ...". (Appellant's Br. at 2.) We disagree.

■ We review the district court's denial of attorney's fees for an abuse of discretion. Our inquiry is limited to: (1) whether the ALJ's decision had a reasonable basis in fact and law; and (2) whether there was a logical connection uniting the facts and the legal theories set forth in the ALJ's memorandum opinion and order. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. Hallmark Constr. Corp.,* 200 F.3d 1076 (7th Cir.2000). Even in situations when a federal court disagrees with the merits of an ALJ's decision, the court may properly conclude that the Government was "substantially justified" in defending the decision, provided that the Government has some reasonably arguable basis for doing so. *Pierce, supra* at 569, 108 S.Ct. 2541; *Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir.1994); *EEOC v. O & G Spring & Wire Forms Specialty Co.,* 38 F.3d 872, 884 (7th Cir.1994).

■ In her request for attorney's fees, Bartrom has cleverly juxtaposed some of the statements from our prior opinion, telling us that we held, "in strong language," that the ALJ "was wrong." (Appellant's Br. at 5; Reply at 1.) She argues that the Government was wholly unjustified in defending the ALJ's "wrong" decision and claims that she is entitled to attorney's fees for appealing the same. We reject this argument, which is based on a fatal misunderstanding of our prior opinion. As even a casual reading of our order indicates, we declined to hold that Dr. Cruz–Diaz's opinions dictated a finding that Bartrom is disabled. Although we remanded the case and instructed the ALJ to more clearly address Dr. Cruz–Diaz's opinions before rendering a final opinion, *Bartrom, supra* at *7, we emphasized that the ultimate decision of whether Bartrom is dis-

abled for purposes of disability benefits was a question reserved for the ALJ, based on his review of all the pertinent information in the record. *Id.* (citing *Books v. Chater,* 91 F.3d 972, 979 (7th Cir.1996)). Thus, as our order made eminently clear, the ALJ could well have reached the same conclusion on remand as he made in his original decision, provided that he explained the basis of his ruling more thoroughly. *Id.* Because it would have been reasonable for the ALJ to deny benefits on the basis of the record before him, it was entirely reasonable for the Government to defend the merits of the decision itself. *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Although Bartrom contends that the district court should have explained precisely why it believed the Government's actions were substantially justified, (Appellee's Br. at 6–8), we fail to see how this line of argument has any bearing on her request for attorney's fees. We disagree with Bartrom's theory that the Social Security Administration financially responsible for something that Bartrom perceives is a shortcoming with the opinion writing of the magistrate judge. Furthermore, we reiterate our holding that there is no error with the trial judge's ruling, either in style or substance. *See, e.g., O & G Spring Wire, supra* at 884 ("Although the district court, ruling from the bench, did not facilitate review by clearly setting forth its reasoning, we cannot conclude that it abused its discretion . . ."); *see also In re Lemmons & Co.,* 742 F.2d 1064, 1070 (7th Cir.1984) ("The district court's failure to make explicit findings in regard to the alleged breaches of the lease does not it-self require either reversal or remand."). Bartrom's remaining arguments are without merit.

The judgment of the district court is AFFIRMED.