Michael GOLEMBIEWSKI, Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,
Defendant.

No. CIV. 1:01cv104.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

July 16, 2003.

Thomas J. Knight, Perry Law Office, Fort Wayne, IN, Barry A. Schultz, Law Office of Barry A. Schultz, PC, Evanston, IL, for Michael E. Golembiewski.

Deborah M. Leonard, U.S. Attorney's Office—FW/IN, Fort Wayne, IN, for Social Security Administration.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a "Petition for an Award of Fees and Costs Pursuant to the Equal Access to Justice Act" filed by the plaintiff, Michael Golembiewski ("Golembiewski"), on May 7, 2003. On May 19, 2003, Golembiewski filed a Supplement to Petition. On May 27, 2003, the defendant filed a response to the petition for fees, to which Golembiewski filed a reply on May 30, 2003.

For the following reasons, Golembiewski's petition will be denied.

### Discussion

Golembiewski applied for Disability Insurance Benefits on April 27, 1999, alleging that he became disabled on November 19, 1995, due to symptoms stemming from a spinal cord injury[1]. Golembiewski's application was denied at all levels of the administrative process, with the Agency's final decision issued by an Administrative Law Judge (ALJ) on July 11, 2000. In his decision, the ALJ found that Golembiewski had not been disabled at any time through the date of the decision. Golembiewski sought district court review of the Agency's decision, and on November 29, 2001, this court entered an order affirming the Commissioner's final decision. Golembiewski appealed to the Seventh Circuit Court of Appeals, and on February 3,

---

1. The ALJ found that Golembiewski had engaged in substantial gainful activity after this date and that, consequently, the first date for which he could be considered for disability was December 31, 1997 (Tr. 13). *See* 20 C.F.R. § 404.1520(b).

2003, the Seventh Circuit vacated and remanded the case with instructions to remand to the Commissioner for further proceedings.

Golembiewski seeks an award of fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA is a fee-shifting statute applicable to Social Security disability appeals to federal court in which the claimant is a prevailing party, and the United States' position is not substantially justified. 42 U.S.C. § 2412(a) and (d)(1)(A). Golembiewski asserts that he is a prevailing party by virtue of the opinion of the Seventh Circuit Court of Appeals. This was a "sentence four" remand. *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), held that a plaintiff who obtains a "sentence four" remand is a prevailing party for EAJA purposes.

 "Under the EAJA, a court may award attorney's fees to a party who prevails against the United States where 'the court finds that the position of the United States was not substantially justified.'" 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified if her conduct has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir.1994)(quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). The Commissioner bears the burden of proving that her position was substantially justified. *Marcus*, 17 F.3d at 1036.

 In making a substantial justification determination, a district court should consider both the government's prelitigation conduct; that is, the actions or inactions giving rise to the instant litigation, as well as the government's conduct relative to the instant litigation. *Id.* "EAJA fees may be awarded if either the government's prelitigation conduct or its litiga-

tion position are not substantially justified. However, the district court is to make only one determination for the entire civil action." *Id.* Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. *Id.* A finding that either the government's underlying conduct which gave rise to the litigation or its litigation position was not substantially justified is sufficient to support an award of EAJA fees. *Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir.1988)(after concluding that government's underlying position was not substantially justified, court declined to examine reasonableness of Secretary's litigation prior to awarding EAJA fees). This is a two-part inquiry in which the court must examine first whether the government was substantially justified in taking its original action and, second, whether the government was substantially justified in defending the validity of the action in court. *Cervantez v. Sullivan*, 739 F.Supp. 517, 521 (E.D.Cal.1990)

In *United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir.2000), the Seventh Circuit set forth the standard for reviewing EAJA petitions as follows:

> This Court has now described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.

Where the Court of Appeals reverses the decision of the Commissioner, in analyzing an EAJA petition, "[i]t is more important for the district court to examine the actual merits of the Government's litigating position." *Id.* at 1079. The fact that the

district court affirmed the Commissioner's decision should not be looked at as establishing the reasonableness of the government's position. In *United States v. Paisley*, 957 F.2d 1161 (4th Cir.1992), the Fourth Circuit Court of Appeals held: "Equally unacceptable is ... to find an intermediate judicial determination of merit in the Government's position proof that the position was at least one that 'could satisfy a reasonable person,' i.e., the one or more presumably reasonable Article III judges who at some stage of the litigation found merit in it.... As a practical matter, the substantial justification issue cannot be transformed into an up-or-down judgment on the relative reasoning powers of Article III judges who may have disagreed on the merits...." *Id.* at 1167.

A court at the EAJA stage must take a fresh look at the case from an EAJA perspective and reach a judgment independent from the ultimate merits decision. *Federal Election Commission v. Rose*, 806 F.2d 1081, 1087–90 (D.C.Cir. 1986). In *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court held, consistent with the Seventh Circuit's previous decisions, that the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person"—that is, "if it has a reasonable basis in law and fact." *Id.* at 565–66, 108 S.Ct. 2541. The *Underwood* Court rejected the position that substantial justification requires more than mere reasonableness. *Id.* at 567–68, 108 S.Ct. 2541.

"Substantially justified" does not mean "justified to a high degree," but rather has been said to be satisfied if there is a "genuine dispute", or if reasonable people could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir.1992)(citing *Underwood*, 487 U.S. at 565, 108 S.Ct. 2541). Thus, a loss on the merits does not equate with a lack of substantial justification. *See Underwood*, 487 U.S. at 569, 108 S.Ct. 2541 ("[O]bviously, the fact that one agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.").

Thus, a court's statement in its decision that the Social Security Administration did not have "a rational ground" for denying benefits does not imply a lack of substantial justification for the agency's position. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir.1994). As the Seventh Circuit explained in *Kolman*, its statement that the agency did not have a rational ground for its decision was a reference to the test for invalidating agency action; at the EAJA stage, the test became "whether the agency had a rational ground for thinking it has a rational ground for its action". *Id.*

In the present case, Golembiewski argues that neither the pre-litigation nor the litigation positions of the Commissioner were substantially justified. The Commissioner bears the burden of proving that both her litigation and pre-litigation positions were substantially justified. The Commissioner opposes Golembiewski's request for attorney fees, arguing that the government's position, while ultimately reversed by the Seventh Circuit, was nevertheless substantially justified.

In its decision in this case, the Seventh Circuit indicated three broad reasons for remanding the case to the Commissioner: an insufficient articulation of the ALJ's credibility analysis of Golembiewski, a mischaracterization of the medical evidence, and ignoring evidence of Golembiewski's alleged disability. *Golembiewski v. Barnhart*, 322 F.3d 912, 913 (7th Cir.2003). The Commissioner argues that even though the Seventh Circuit remanded the

ALJ's decision, its reasons for doing so do not establish that the agency had no "rational ground for thinking it has a rational ground for its action."

With respect to the credibility findings, the Seventh Circuit found that the ALJ did not adequately articulate why he did not accept Golembiewski's statements, including statements regarding two alleged impairments: the frequency of seizures that he allegedly experienced in December 1998 and his alleged inability to sit or stand for more than five minutes. *Golembiewski*, 322 F.3d at 915–16. The Commissioner argues that even though the Seventh Circuit did not find the ALJ's reference to evidence that Golembiewski's seizures were well-controlled during the relevant period to be a sufficiently articulated reason for rejecting Golembiewski's allegation that he was having seizures four times per week, the ALJ could have a rational ground for thinking that he had a rational basis for so concluding. The Commissioner argues that the ALJ could also rationally believe that his observation that Golembiewski had sat for forty minutes in a regular chair during the administrative hearing effectively refuted Golembiewski's claim that he could sit for no more than five minutes.

With respect to the "mischaracterized" evidence, the Seventh Circuit found that the ALJ had mischaracterized the evidence by stating that Golembiewski had evidence of some disc degeneration but "no herniations." *Golembiewski*, 322 F.3d at 917. In rejecting this characterization of the evidence, the Seventh Circuit noted that an MRI dated March 1996 indicated "disk degeneration with probably 'lumbosacral herniation.'" *Id.* The Commissioner argues that the ALJ could have had a rational ground for thinking he had a rational ground for finding no herniations, given that the doctor discussing the MRI actually characterized it as showing "a probably small central and right lumbosacral herniation", that the MRI was dated nearly two years prior to the period under review by the ALJ, and that the doctors at the Mayo Clinic subsequently stated that multiple imaging studies of Golembiewski's spine showed spinal pathology but that the pathology could not explain the symptoms Golembiewski was alleging.

The Seventh Circuit also remanded the case because the ALJ "failed to discuss Golembiewski's bowel and bladder dysfunction", did not discuss his limited ability to bend, and did not discuss his "propensity to drop objects because of tingling in his hands." *Golembiewski*, 322 F.3d at 917–18. The Commissioner argues that the ALJ could have rationally believed that he was not required to discuss this evidence under the well-established principle that an ALJ is not required to "provide a complete written evaluation of every piece of testimony and evidence." *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir.1995). The Commissioner points out that in the present case, the record contained no evidence that Golembiewski's bowel and bladder dysfunction in any way affected his ability to perform work activities during the relevant period; that the vocational expert testified that the jobs he had identified that could be performed by an individual with Golembiewski's RFC did not involve much bending; and that, as even the Seventh Circuit noted, "the record contains no evidence of [a manipulation] impairment before December 31, 1998, when Golembiewski's eligibility for benefits expired." *Golembiewski*, 322 F.3d at 918.

A review of the evidence presented in this case, as well as a review of both judicial decisions, reveals a rather complex case. Golembiewski suffered from multiple impairments spanning nearly his entire lifetime. Yet, Golembiewski continued to work through all, or nearly all, of these impairments, adapting to each impairment

**934**

as time went on. Additionally, Golembiewski's medical evidence is conflicting in many places, and many times the doctors simply do not know what is causing his specific complaints. The result is that, as the two judicial opinions illustrate, reasonable minds can easily differ as to whether substantial evidence supported the ALJ's decision. In fact, even after years of litigating and two judicial opinions, it is still unknown whether Golembiewski is actually disabled and entitled to benefits. Rather, the Social Security Administration has been instructed to once again consider all of Golembiewski's impairments and re-determine whether Golembiewski is disabled. Thus, looking at the relevant (and conflicting) evidence presented to the ALJ at the time of his decision, as well at the Social Security's pre-litigation position (at which time the Agency was considering this same evidence), this court finds that the Agency's position was substantially justified. As noted earlier, the Agency's position is substantially justified if the position has "a reasonable basis in law and fact, that is, if a reasonable person would believe the position was correct." *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994); *see also United States v. Hallmark Construction Company,* 200 F.3d 1076 (7th Cir.2000)(government's position must be grounded in a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded and a reasonable connection between the facts and legal theory). In the present case it is clear that a reasonable person would believe that the Agency's position was correct.

### Conclusion

On the basis of the foregoing, Golembiewski's petition for an award of EAJA fees is hereby DENIED.