**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 12, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3042

ROZALIA BRASSAI,
 *Plaintiff-Appellant,*

*v.*

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
 *Defendant-Appellee.*

Appeal from the United States District
Court for the Northern District of
Indiana, South Bend Division.

No. 3:12-cv-00485-CAN

Christopher A. Nuechterlein,
*Magistrate Judge.*

**O R D E R**

Rozalia Brassai appeals the dismissal of her complaint against the Social Security Administration for want of prosecution. We affirm.

Late in 2012 Brassai sought judicial review of the denial of her application for supplemental security income based on her kidney disease, depression, and anxiety.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

(Previously, with regard to separate applications, two administrative law judges had conducted hearings and concluded that she was not disabled.) In federal court the parties consented to having a magistrate judge preside over her suit. The magistrate judge, upon learning that Brassai was proceeding pro se, advised her in a letter to seek a lawyer's assistance because of the technical and complex nature of social security law. In the letter, he directed her to file a status report by April 20, 2013 informing the court whether she intended to continue pursuing the suit; he also cautioned her that her failure to file a status report by the deadline could result in her suit's dismissal.

The April 20 deadline passed without any word from Brassai, and the magistrate judge allowed her another month, until May 31, to file a brief or status report, or face possible dismissal of her suit. Brassai then responded with two separate letters to the court stating that she was unable to seek an attorney; the judge extended the deadline to September 6 to file an opening brief, but warned her that her failure to do so "will force the Court to take the dire action of dismissing this case."

That deadline too passed without any submission from Brassai, so the judge dismissed her complaint without prejudice for failure to prosecute her claim. *See* Fed. R. Civ. P. 41. As the court explained, "Plaintiff has failed to comply with two court orders, and has provided no written documentation explaining her inaction. This Court can only assume that Plaintiff has abandoned her case."

On appeal Brassai discusses the merits of her disability claim, but the merits of her claim are not before this court. *See Kolman v. Shalala*, 39 F.3d 173, 176 (7th Cir. 1994). She says nothing about the ground on which the magistrate judge dismissed her federal suit. Her suit was dismissed for want of prosecution—a harsh sanction that should be used only "when there is a clear record of delay or contumacious conduct . . . ." *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). The magistrate judge here patiently handled Brassai's suit: he explained the briefing process to her, advised her about the benefits of having a lawyer and how to contact one, generously extended deadlines and warned Brassai several times that failure to respond to his directives could result in dismissal of her complaint. Given Brassai's clear record of delay, the magistrate judge acted well within his discretion in dismissing the complaint.

AFFIRMED.